UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| SIMON BANKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV-04-903 (RCL) |
| | ) | |
| STEVEN SMITH, WARDEN | ) | |
| | ) | |
| Respondent. | ) | |

---

## MEMORANDUM OPINION

Before the court is the motion to dismiss of the United States ("Government"), filed on

behalf of the respondent warden.  The Government moves to dismiss petitioner Banks'[1] petition

for a writ of habeas corpus on the grounds that the Banks has failed to exhaust the remedies

available to him in the District of Columbia Court of Appeals.  For the reasons stated herein, the

court will grant the motion to dismiss.

## I.   BACKGROUND

Banks is imprisoned for criminal contempt of court.  Banks was held in contempt of court

for violating an injunction placed on him by the District of Columbia Court of Appeals

("DCCA").  For the full history of Banks' run-ins with the DCCA, the court referrences *In Re

Simon Banks*, 561 A.2d 158 (D.C. 1987) and *In Re Simon Banks*, 805 A.2d 990 (D.C. 2002).[2]

Banks is a 1975 law school graduate who has never been a member of any Bar, State or

---

[1]Mr. Banks is a *pro se* litigant and the court has read his petition as liberally as possible.

[2]The court will only discuss why Banks is before this court because the court will not decide the merits of Banks' petition.

Federal.  The injunction placed on Banks by the DCCA enjoins Banks from holding himself out as the functional equivalent of a lawyer or using advertising materials that cause people to think he is a lawyer.  Judge Kramer, sitting by designation of the DCCA, found Banks guilty of criminal contempt for violating the injunction.  Judge Kramer sentenced Banks to six months of incarceration for each of four counts of criminal contempt.  Banks' appeal of his criminal contempt conviction remains pending before the DCCA.  (Government's Motion to Dismiss p. 17.)

Banks now petitions the court for a writ of habeas corpus.  Banks' claims for release include but are not limited to 1) lack of personal jurisdiction; 2) judicial vindictiveness; 3) prosecutorial vindictiveness; 4) violation of equal protection; and 5) violation of due process.[3]

## II.    ANALYSIS

## A.    D.C. Code § 23-110

The court will briefly address why D.C. Code § 23-110 does not apply in this case.  § 23-110 requires that prisoners held "under sentence of the Superior Court" file the writ of habeas corpus with the Superior Court.  D.C. Code § 23-110.  Thus, § 23-110 is the exclusive method to attack a conviction with a habeas corpus petition for a prisoner sentenced in Superior Court.  *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

From first glance it would appear that Banks has no standing to file for a writ of habeas corpus in this court, but the wording of § 23-110 requires that the petitioner be under sentence of the Superior Court.  § 23-110.  Since Banks was sentenced by a judge sitting by designation of

---

[3]Banks makes many other claims, but they have been omitted because they attack the injunction and not the contempt conviction.

the DCCA, it would appear that Banks is held under sentence of the DCCA, and not under sentence of the Superior Court.  After giving § 23-110 a plain reading, it appears that § 23-110 does not apply to Banks.

**B.      State Prisoner**

For the purposes of Banks' petition for a writ of habeas corpus, the court considers Banks a State prisoner.  The D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court.  *See Garris v. Lindsay*, 794 F.2d 722 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986); *see also Madley v. U. S. Parole Comm'n*, 278 F.3d 1306, 1308-10 (D.C. Cir. 2002) (applying *Garris* to a revised version of 28 U.S.C. § 2253).  The D.C. Circuit treats the "local courts as state courts for the purposes of . . . federal habeas corpus jurisdiction."  *Milhouse v. Levi*, 548 F.2d 357, 360 n. 6 (D.C. Cir. 1976) (internal quotation omitted).

In *Garris*, the petitioner was held under conviction of the D.C. Superior Court.  *Garris*, 794 F.2d at 723.  The Circuit Court dismissed the appeal because the petitioner did not qualify for a certificate of probable cause ("certificate").  Id. at 727.  The only type of prisoner that requires a certificate of probable cause is a prisoner whose detention "arises out of process issued by a State court[.]"  Id. at 724.  *Garris* shows that a D.C. prisoner held due to conviction in a local D.C. court is a State prisoner for the purposes of the federal habeas statutes because the conviction is a process of the State court.

In *Madley*, the D.C. Circuit Court considered the fact that the D.C. Superior Court was part of a court system created by Congress to be like a State court system.  *Madley*, 278 F.3d at

3

1308.  The DCCA is part of the same court system as the D.C. Superior Court.  Thus, it would

follow that the DCCA is a State court for the purposes of the federal habeas corpus statutes.

Before continuing, the court must address *Maddox v. Elzie*, 238 F.3d 437 (D.C. Cir.

2001) and *Blair-Bey v. Quick*, 151 F.3d 1036 (D.C. Cir. 1998).  In *Maddox*, the petitioner

attacked his parole revocation hearing with 28 U.S.C. § 2241 and the D.C. Circuit declined to

decide if a D.C. prisoner is a State prisoner for the purposes of 28 U.S.C. § 2254.  *Maddox*, 238

F.3d at 439, 442.  In *Blair-Bey*, the petitioner attacked the denial of his parole under 28 U.S.C. §

2241, but exhaustion was not an issue in the case.  *Blair-Bey*, 151 F.3d at 1038, 1044.  *Garris* is

distinguishable from *Maddox* and *Blair-Bey*.  In *Garris,* the prisoner attacked the conviction;

while in *Maddox* and *Blair-Bey*, the prisoners attacked the actions of a parole board.  Thus, the

holding from the instant case should not be construed to apply to all D.C. prisoners.  The holding

only applies to D.C. prisoners directly attacking a conviction or sentence of a D.C. court and not

to prisoners attacking conditions of confinement or prisoners attacking the actions of a parole

board.

## C.    Exhaustion

Since the court considers Banks to be a State prisoner for the purposes of the federal

habeas corpus statutes, Banks must exhaust the remedies available to him in the D.C. court

system.  "An application for a writ of habeas corpus . . . shall not be granted unless it appears

that- the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. §

2254 (b) (1) (A) (2000).  A court's "authority to grant habeas relief to state prisoners is limited by

§ 2254, which specifies the conditions under which relief may be granted to 'a person in custody

pursuant to the judgment of a State court.' " *Felker v. Turpin*, 518 U.S. 651, 662 (1996) (quoting

§ 2254 (a)).  A petitioner must satisfy the requirements of § 2254 when applying in the district court.  *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (interpreting *Felker*).  A federal court must allow the state courts to complete the appellate review process before granting habeas relief.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Banks filed his habeas petition under 28 U.S.C. § 2241.  "[B]ringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254."  *Walker*, 216 F.3d at 633.  Thus, the requirements of § 2254 still apply to Banks.  Since Banks still has an appeal pending in the DCCA, Banks has not exhausted his remedies.

**D.    Futility**

In a proper case, the court may still grant habeas relief when it appears that requiring the petitioner to exhaust his remedies is futile.  *See Pierce v. Black*, 801 F.2d 1075 (8th Cir. 1986); *Sarzen v. Gaughan*, 489 F.2d 1076 (1st Cir. 1973); *Layton v. Carson*, 479 F.2d 1275 (5th Cir. 1973).  When the high court has addressed an issue with near identical facts and it appears that the court has not or will not depart from its former decisions, then the petitioner does not need to exhaust his remedies.  *Pierce*, 801 F.2d at 1077-78; *Sarzen*, 489 F.2d at 1082.

Banks only gives one reason to show the futility of all his claims.  The DCCA is part of a vast conspiracy, which has the aim of permanently putting Banks out of business.[4]  The court finds Banks reason for futility preposterous.  The only evidence of the conspiracy is the DCCA's prior decisions.  Essentially, Banks is making a motion to recuse the DCCA from hearing the

---

[4]The court notes that this is actually a § 2254 (b) (1) (B) (ii) argument, which states that habeas relief is appropriate when State corrective "process is ineffective to protect the rights of the applicant."  § 2254 (b) (1) (B) (ii).  The futility exception was born out of § 2254 (b) (1) (B) (ii).  *Franklin v. Conway*, 546 F.2d 579, 581 (4th Cir. 1976).  Thus, it is proper to address the argument under the heading of futility.

case.  A litigant may not recuse a judge with the only evidence being the adverse rulings of the judge.  *Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913).  Adverse judicial action is not legally sufficient evidence to require the recusal of a judge.  *See Anderson v. United States*, 754 A.2d 920, 925 (D.C. 2000).  The court will not entertain Banks' accusations of conspiracy.

The court finds that one of Banks' claims does not meet the test for futility.  Banks' claim of lack of personal jurisdiction for count three[5] is not futile.  The trial court relies on *U.S. v. Baish*, 460 A.2d 38 (D.C. 1983), to show that it has personal jurisdiction over Banks for count three.  In *Baish*, the defendant, who was outside of D.C., called a person located inside D.C.  *U.S. v. Baish*, 460 A.2d 38, 40 (D.C. 1983).  In the instant case, Ms. Eickman, who was inside D.C., called Banks, who was outside of D.C.  The facts of the two cases are clearly different, the defendant in *Baish* made the phone call, while Banks is the person receiving the phone call.  The facts of the two cases are not near identical, which is required for futility.  Thus, Banks' claim of lack of personal jurisdiction is not futile.  Banks does not fall into the futility exception to exhaustion and the court will require him to exhaust his remedies

---

[5]Count three is that Banks willfully disobeyed paragraphs 3 and 4 of the restraining order during a phone call with Diane Eickman.

6

IV.     CONCLUSION

Since Banks is a State prisoner for the purposes of the federal habeas corpus statutes and

Banks has not exhausted his "State" remedies and exhausting his remedies is not futile, Banks'

petition for a writ of habeas corpus is dismissed without prejudice so that he may exhaust the

remedies available to him.  A separate order consistent with this memorandum opinion shall be

issued this date.


Signed Royce C. Lamberth, United States District Judge, July 8, 2005.